IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TRACY MAYER, | ) | |
| | ) | |
| Plaintiff, | ) | **1 : 11 -cv- 0315 JMS -TAB** |
| | ) | |
| v. | ) | CAUSE NO. |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Tracy Mayer, by counsel, hereby brings this action for violation of Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq. ("FDCPA"), for fraud, and for criminal conversion, and to recover damages for the alleged conduct, and in support thereof says and alleges:

### JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, 28 U.S.C. § 1331 and 28 USC § 1367.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and Defendant transacts business here.

1

## PARTIES

3. Plaintiff, Tracy Mayer ("Ms. Mayer"), is a resident of the State of Indiana and resides in the Southern District of Indiana.

4. Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation, with its principal place of business located in Horsham, Pennsylvania. NCO does business in the State of Indiana and in the Southern District of Indiana. Specifically, NCO engages in third party debt collection activity and attempts to collect debts from residents of Indiana and the Southern District of Indiana.

## FACTUAL ALLEGATIONS

5. NCO is a collection agency that regularly collects debts from consumers on behalf of its clients.

6. NCO is a debt collector as defined by 15 U.S.C. § 1692a(6) of FDCPA.

7. NCO was retained to perform third party consumer debt collection work on behalf of its client, the United States Department of Education.

8. In its capacity, as third party debt collector for the United States Department of Education ("DOE"), NCO attempted to collect a DOE debt from Ms. Mayer.

9. During December 2009 through January 2010, Ms. Mayer was making a significant effort to work out a payment plan with NCO for the DOE debt. She was in contact with a NCO employee named April Ferguson ("Ms. Ferguson"). Ms. Ferguson offered a payment plan that would allow Ms. Mayer to benefit from the DOE rehabilitation program. Ms. Ferguson represented that if Ms. Mayer made nine (9) consecutive timely monthly payments that her loan would be reinstated and collection

costs and penalties would be forgiven. The rehabilitation plan was also supposed to release the lien that DOE had on Ms. Mayer's federal tax refunds. Ms. Mayer and Ms. Ferguson agreed to a monthly payment of two hundred ($200.00) dollars per month. Ms. Mayer provided banking information to Ms. Ferguson and the payments were made by direct debit from Ms. Mayer's bank account.

10. On March 1, 2010, Ms. Mayer discovered that the lien on her tax refund had not been released pursuant to the terms of the rehabilitation program. Ms. Mayer contacted NCO in an effort to rectify the situation. Ms. Mayer spoke to an NCO representative named Mrs. Rodriguez. Mrs. Rodriguez informed Ms. Mayer that she was not in a rehabilitation program, and that a two hundred dollar ($200.00) monthly payment was not enough to qualify for a DOE rehabilitation program.

11. Ms. Mayer then demanded that Mrs. Rodriguez allow her to speak to Ms. Ferguson. Mrs. Rodriguez stated that she would have Ms. Ferguson call. Ms. Ferguson did not call. When Ms. Mayer called, Ms. Ferguson stated that she was, "wrapping up something" and that she will call back in ten minutes. The return call never came.

12. Ms. Ferguson did leave a message on Ms. Mayer's voicemail on March 2, 2010. The phone message was received on Ms. Mayer's home answering machine during Ms. Mayer's work hours. Ms. Ferguson called during work hours despite the fact that Ms. Mayer clearly communicated her work schedule to Ms. Ferguson and instructed Ms. Ferguson to call her at home during non-working hours. Ms. Mayer returned Ms. Ferguson's call on March 2, 2010 and left a voicemail.

13. On March 3, 2010, Ms. Ferguson left another message. Again, Ms. Ferguson left the message on Ms. Mayer's home answering machine during working

hours. Ms. Mayer attempted to call Ms. Ferguson back when she arrived home from work. Ms. Mayer was told that Ms. Ferguson was "in a meeting".

14. On March 4, 2010, Ms. Mayer again attempted to contact Ms. Ferguson. The attempts were unsuccessful. Again, Ms. Ferguson left a message on Ms. Mayer's home answering machine while Ms. Mayer was at work.

15. On March 5, 2010, Ms. Mayer finally had the opportunity to speak with Ms. Ferguson. Ms. Ferguson reassured Ms. Mayer that she was in fact in a DOE rehabilitation program. Ms. Ferguson went on to tell Ms. Mayer that Mrs. Rodriguez made a mistake and had not read the notes on the account.

16. The automatic debit payment continued to be taken out of Ms. Mayer's account until June or July 2010.

17. Ms. Mayer contacted NCO to inquire why the payment had stopped coming out.

18. NCO informed Ms. Mayer that it had returned the account to DOE.

19. Ms. Mayer then made direct contact with DOE. DOE stated that NCO had sent the loan back to DOE. DOE went on to tell Ms. Mayer that it did not show that Ms. Mayer was in a DOE rehabilitation program or eligible for reinstatement.

## COUNT I
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

20. Ms. Mayer hereby adopts and re-alleges paragraph one (1) through nineteen (19) of her complaint.

21. 15 U.S.C. § 1692e provides that "… a debt collector may not use any false, deceptive, or misleading representation or means in connection with collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: … (10) the use of any false representation or deceptive means to collect or attempt to collect any debt…."

22. While attempting to collect the DOE debt from Ms. Mayer, NCO, through its representative, Ms. Ferguson, falsely represented that Ms. Mayer was being placed in a DOE rehabilitation program. NCO, through its representative, Ms. Ferguson falsely represented to Ms Mayer that DOE's lien on Ms. Mayer tax refund would be released, and that all penalties and collection charges would be forgiven upon receipt of nine (9) on timely monthly payments.

23. All of Ms. Ferguson's representations to Ms. Mayer pertaining to the DOE rehabilitation program were totally false. Despite making the agreed monthly payments, Ms. Mayer was never placed in the rehabilitation program.

24. NCO's misrepresentations to Ms. Mayer constitute a violation of 15 U.S.C. § 1692e of the FDCPA.

25. NCO's violation of 15 U.S.C. § 1692e of the FDCPA renders it liable for actual damages, statutory damages, and reasonable attorneys fees pursuant to 15 U.S.C § 1692k of the FDCPA.

## COUNT II

### Fraud

26. Ms. Mayer hereby adopts and re-alleges paragraphs one (1) through twenty-five (25) of her complaint.

27. NCO through its representative, Ms. Ferguson, falsely represented to Ms. Mayer that if she made monthly payments of two hundred dollars ($200.00) per month toward her DOE student loan debt, that she would be entered into the DOE rehabilitation program.

28. NCO through its representative, Ms. Ferguson, falsely represented to Ms. Mayer that if she made nine consecutive timely two hundred dollar ($200.00) per month payments that her student loan would be reinstated.

29. NCO through its representative, Ms. Ferguson, falsely represented to Ms. Mayer that her entry into the DOE rehabilitation program would result in the release of the DOE lien on Ms. Mayer's tax refunds.

30. NCO through its representative, Ms. Ferguson, falsely represented to Ms. Mayer that successful completion of the DOE rehabilitation program would result in forgiveness of all penalties and collection cost assessed because Ms. Mayer's student loan had gone into default.

31. NCO through its representative, Ms. Ferguson, made its false representations to Ms. Mayer in order to induce Ms. Mayer to enter into a monthly payment plan with NCO.

32. Ms. Mayer justifiably relied upon the misrepresentations made by NCO through its representative, Ms. Ferguson to her detriment.

33. Ms. Mayer was damaged by the misrepresentations made by NCO through its representative Ms. Ferguson.

34. Ms. Mayer is entitled to recover her actual damages, punitive damages, reasonable attorney's fees, and costs resulting from NCO's fraudulent conduct.

## COUNT III
### Conversion

35. Ms. Mayer hereby adopts and re-alleges paragraphs one (1) through thirty-four (34) of her complaint.

36. IC § 35-43-4-3 provides that "a person who exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor".

37. IC § 35-43-4-1 states that "a person's control over property of another person is "unauthorized" if it is exerted … (4) by creating or confirming a false impression in the other person; … (6) by promising performance that the person knows will not be performed…"

38. NCO through its representative Ms. Ferguson induced Ms. Mayer to make monthly payments by creating or confirming the false impression that she was receiving the benefits of the DOE rehabilitation program.

39. NCO through its representative Ms. Ferguson induced Ms. Mayer to make monthly payments by promising that Ms. Mayer would be included in the DOE rehabilitation program despite the fact that NCO knew that Ms. Mayer would not be eligible for the DOE rehabilitation program.

40. NCO's conduct constitutes criminal conversion as defined by Indiana law.

41. Pursuant to IC § 34-24-3-1 Ms. Mayer is entitled to recover an amount not to exceed three times her actual damage, reasonable attorneys fees, expenses, and cost.

## REQUEST FOR RELIEF

Plaintiff, Tracy Mayer, hereby requests that the Court:

1. Find that Defendant's debt collection actions violated FDCPA.

2. Enter Judgment in favor of Plaintiff, Tracy Mayer, and against NCO Financial Systems, Inc., for all of the actual damages, FDCPA statutory damages, statutory treble damages, punitive damages, reasonable attorney's fees, and costs.

3. Grant such further just and proper relief.

## JURY DEMAND

Plaintiff, Tracy Mayer, hereby demands a trial by jury.

Respectfully submitted,

NERZ WALTERMAN, P.C.

By: _____
C. Warren Nerz, Esq. (16152-49)
Attorney for Plaintiffs

C. Warren Nerz, Esq.
NERZ WALTERMAN, P.C.
5144 East Stop 11 Road, Suite 20
Indianapolis, Indiana 46237
(317) 885-7500